UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMERICAN SECURITY INSURANCE CO.,
RALPH P. DARINZO
    Plaintiffs,

v.

ELECTROLUX HOME PRODUCTS, INC.,
    Defendant.

No. 3:18-cv-237 (VAB)

**RULING AND ORDER ON MOTION FOR REMAND**

American Security Insurance Company ("American Security" or "Plaintiff") and Ralph P. Darinzo ("Plaintiff"), a homeowner in Stamford, Connecticut, filed in Connecticut Superior Court this action for damages allegedly arising from a product designed and marketed by Electrolux Home Products ("Electrolux" or "Defendant"). *See* Notice of Removal ("Notice") ¶ 2, ECF No. 1. Electrolux Home Products moves to remand this case to Connecticut Superior Court, stating that the case was removed in error and there is no diversity of citizenship. ECF. No. 11.

For the reasons that follow, the motion is **GRANTED**.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

American Security Insurance Company alleges that it insured Ralph P. Darinzo, a homeowner in Stamford Connecticut. Compl. ¶¶ 2-3, ECF No. 5. Mr. Darinzo allegedly purchased and used as intended a Frigidaire dryer designed and marketed by Electrolux Home Products. *Id.* ¶¶ 6, 11. On March 30, 2017, however, a fire started allegedly because of a faulty heating element in Mr. Darinzo's dryer and caused extensive damage to Mr. Darinzo's home. *Id.* ¶¶ 12-13. Under the terms of its insurance policy with Mr. Darinzo, American Security allegedly

paid $277,727.08 in remediation, repairs, and renovations, *id.* ¶ 16, and "is legally subrogated to the rights and remedies of Ralph P. Darinzo to the extent of its payments" *Id.* ¶ 17. Mr. Darinzo additionally seeks recovery for damages not covered by his American Security insurance policy. *Id.* ¶ 18.

Both plaintiffs filed the initial complaint in Connecticut Superior Court, alleging "products liability, strict liability, breach of warranty and negligence, and seek[ing] unspecified damages for property loss . . . ." Notice ¶ 2, ECF No. 1. The amount in controversy allegedly "exceeds Seventy Five ($75,000) Thousand Dollars." *Id.* at ¶ 4.

On February 8, 2018, Electrolux removed the case to federal court invoking this Court's federal diversity jurisdiction under 28 U.S.C. § 1332(a). Def.'s Notice of Removal at 1, ECF No. 1. Electrolux stated that Plaintiffs "are American Security Insurance Company, which has a principal place of business in Miami, Florida, and Ralph P. Darinzo who resides in the State of Connecticut. The defendant is Electrolux Home Products, Inc., a Delaware Corporation, which has a principal place of business in Charlotte, North Carolina." *Id.* ¶ 1. It therefore claimed complete diversity between the parties. *Id.* ¶ 4. It also claimed that the amount in controversy exceeded $75,000. *Id.*

On February 23, 2018, Electrolux moved to remand the case back to Connecticut state court. Def. Mot. to Remand, ECF No. 11. It stated that "[t]he case was removed in error, as there is no complete diversity of citizenship based upon the fact that the Plaintiff American Security Insurance Company and the Defendant Electrolux Home Products, Inc. share the same state of incorporation." *Id.* at 1.

II. **STANDARD OF REVIEW**

District courts have "original jurisdiction of all civil actions where the matter in

2

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between

. . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action

brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant . . . to the district court of the United States for

the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Defendant has the burden of demonstrating that removal of a case to federal court is

proper. *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir.

2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 2196 (2d Cir. 2000). The Court

must "resolve any doubts against removability," out of "respect for the limited jurisdiction of the

federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab.

Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

### III. DISCUSSION

Electrolux moves to remand this case back to Connecticut state court. It states that it had

removed the case to this court in error — "there is no complete diversity of citizenship based

upon the fact that the American Security Insurance Company and the Defendant Electrolux

Home Products, Inc. share the same state of incorporation" — and that remand is therefore

appropriate. Def. Mot at 1. Electrolux claims that Plaintiffs consent to this motion. *Id.*

It is well-settled that the federal courts are courts of limited jurisdiction. Parties may

invoke that jurisdiction and remove a case from state court, but only in situations where the

federal court could have exercised jurisdiction over the original action. 28 U.S.C. § 1441(a).

Removal is "not a kind of jurisdiction — analogous to federal question jurisdiction and diversity

of citizenship jurisdiction" — but instead it is "a means of bringing cases within federal courts'

original jurisdiction into those courts . . . ." 14B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3721 (4th ed.).

This Complaint asserts only state law claims, and Electrolux sought removal in this case solely based on this Court's diversity jurisdiction. Federal courts have jurisdiction over such cases if the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Diversity means complete diversity: "[t]hat is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). An individual person may generally only have one domicile: an individual's "true, fixed and permanent home and place of habitation," defined as "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). The Court evaluates the parties' domiciles at the moment that Plaintiffs filed their Complaint in this Court. See *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [the defendant] was a citizen of—i.e., domiciled in . . . —a state other than the state in which [the plaintiff] was incorporated and the state in which it had its principal place of business . . . .").

Here, Mr. Darinzo appears to be a citizen of Connecticut. Compl. ¶ 2; Notice of Removal ¶¶ 1, 4. American Security appears to be incorporated in Delaware with a principal place of

business in Florida. Notice of Removal ¶ 4. Electrolux is incorporated in Delaware, with its principle place of business in North Carolina. *Id.* ¶ 1; Compl. ¶ 4.

Both American Security and Electrolux are incorporated in Delaware, and therefore, at least, one plaintiff and the defendant have the same state of incorporation. *See Dupont*, 565 F.3d at 63. The Court thus lacks diversity jurisdiction and, because it would lack jurisdiction over the original action, removal is also inappropriate.[1]

## IV.  CONCLUSION

For the foregoing reasons, the Motion for Remand is **GRANTED**. This case shall be remanded immediately to the Superior Court of Connecticut, Judicial District of Stamford-Norwalk at Stamford.

The Clerk of the Court is instructed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of April, 2018.

                                                     /s/ Victor A. Bolden
                                                    VICTOR A. BOLDEN
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Although not raised by either party, even though American Security is a subrogee and only paid part of Mr. Darinzo's loss, it would not be appropriate for the Court to exercise its discretionary authority "absent prejudice to any party to drop the nondiverse party—whether the insurer or insured-- in order to preserve subject matter jurisdiction." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 82 (2d Cir. 2005). First, as a practical matter, dropping the "nondiverse party" here, American Security, would deprive this Court of subject matter jurisdiction, resulting in remand in any event. Mr. Darinzo has alleged losses of an "additional $36,983.66 plus his insurance deductible," apart from those losses compensated by his insurance company. Compl. ¶ 17. This represents a loss below the $75,000 threshold necessary to sustain a diversity action. *Cf. Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (noting "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."). Second, even if that were not the case, plaintiffs have not opposed the motion to remand, meaning that state court is their chosen venue and there might be prejudice to them, if the Court could exercise its discretionary authority to retain jurisdiction over this case.